[Civ. No. 7624. First Appellate District, Division One.—September 21, 1931.]

ROBERT J. HARTJE, Respondent, v. WALTER G. OLCOTT, Appellant.

B. P. Gibbs, Theodore H. Hale, Barry J. Colding, Carroll B. Crawford and M. Tellefson for Appellant.

Harold C. Hennessy and Aaron Vinkler for Respondent.

KNIGHT, J.— The trial court sitting without a jury awarded plaintiff $600 damages on account of personal injuries suffered by him while riding as a passenger for hire in an automobile operated by defendant as a "jitney bus", and defendant appeals, contending that the evidence is insufficient to sustain the trial court's findings upon the issues of negligence and contributory negligence.

It appears from the evidence without dispute that upon entering the tonneau of the automobile (a seven-passenger sedan), plaintiff took hold of the handle on the inside of the door to close it, and while he was still in a standing, bent-over position, about to close the door and sit down in one of the "jump" seats, defendant started ahead with a jerk and at a rapid rate of speed, throwing plaintiff off balance and causing the door to slam violently on his thumb, inflicting severe and painful injuries thereto, which placed him under the care of a surgeon and incapacitated him from work for some six weeks.

In our opinion the foregoing facts are amply sufficient to sustain the trial court's findings on the issues above mentioned. Defendant argues that the only inference to be drawn from the evidence is that plaintiff's injury was proximately caused "by plaintiff himself in so taking hold of the door that when he closed it his thumb was injured", and not, as claimed by plaintiff, by the manner in which defendant started the automobile. The question of proximate cause, however, was one of fact to be determined by the trial court, sitting as a jury; and it is well settled that where, as here, findings are challenged upon the ground of insufficiency of the evidence to sustain them, the power of the reviewing court is limited to an inquiry as to whether the facts reasonably support the inferences drawn therefrom by the trial court. Therefore, even though the circumstances be such that reasonable minds might differ upon the question

of proximate cause, the conclusion reached by the trial court is controlling on appeal.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.